UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| INFINITY REAL ESTATE, LLC, | ) | Civil Action No. 2:18-CV-38-JAW |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for RBSGC 2007-B | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO COMPLAINT

### PARTIES

1.  Answering defendant is without sufficient information to admit or deny the allegation in the first paragraph of the Plaintiff's Complaint.

2.  Answering defendant admits that it is a nationally chartered non-depository trust company. Defendant denies the balance of the allegations in the second paragraph of the Plaintiff's Complaint.

### BACKGROUND FACTS

3.  The third paragraph of the Plaintiff's Complaint contains a summary and legal conclusion, and characterizes a written document, rather than a factual allegation, and, therefore, no response is necessary. To the extent that a response is required, answering defendant is unable to admit or deny the allegations in the third paragraph of the Plaintiff's Complaint.

4.  Admitted.

5.  Admitted.

6. The sixth paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant is unable to admit or deny the allegations in the sixth paragraph of the Plaintiff's Complaint.

7. The seventh paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant is unable to admit or deny the allegations in the seventh paragraph of the Plaintiff's Complaint.

8. The eighth paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant is unable to admit or deny the allegations in the eighth paragraph of the Plaintiff's Complaint.

COUNT I – BREACH OF CONTRACT

9. Answering defendant repeats and incorporates by reference its responses to paragraphs one through eight of the Plaintiff's Complaint.

10. The tenth paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant is unable to admit or deny the allegations in the tenth paragraph of the Plaintiff's Complaint.

11. The eleventh paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant is unable to admit or deny the allegations in the eleventh paragraph of the Plaintiff's Complaint.

12. The twelfth paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant denies the allegations in the twelfth paragraph of Plaintiff's Complaint.

13. The thirteenth paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant denies the allegations in the thirteenth paragraph of Plaintiff's Complaint.

14. The fourteenth paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant denies the allegations in the fourteenth paragraph of Plaintiff's Complaint.

15. The fifteenth paragraph of the Plaintiff's Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, answering defendant denies the allegations in the fifteenth paragraph of Plaintiff's Complaint.

To the extent that the ad damnum clause makes allegations of fact against answering defendant, the allegations are denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has not timely exhausted their administrative remedies.

THIRD AFFIRMATIVE DEFENSE

Plaintiff has agreed to a liquidated damages clause, and therefore, the plaintiff cannot obtain the relief demanded.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because performance was impossible.

SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to file this action within the time limitations applicable to their claims and thus the Complaint should be dismissed.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, ratification, accord and satisfaction, settlement, agreement, payment and release, or unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has have failed to state a claim upon which relief can be granted because there was no meeting of the minds.

NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by its own actions and inactions from maintaining this Complaint against the defendant and thus the Complaint should be dismissed.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they seek remedies beyond those provided by the applicable general laws.

ELEVENTH AFFIRMATIVE DEFENSE

Answering defendant at all times acted in good faith without any improper motive, purpose or means, and has reasonable grounds for believing its practices complied with Maine law, and any claims for penalties, damages, or liquidated damages are improper.

TWELFTH AFFIRMATIVE DEFENSE

Answering defendant says that no act or omission alleged was willful, knowing or in reckless disregard to the provisions of the applicable general laws.

THIRTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks to recover equitable relief, the plaintiff is not entitled to such relief because they have an adequate remedy at law.

FOURTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks to recover equitable relief, the plaintiff is not entitled to such relief because the plaintiff has unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred, because mutual mistake prevented a contract from arising.

SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred, because any contract exceeded the scope of authority of the agent who executed the contract.

SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by its own breach of contract.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by its own failure to mitigate damages.

NINTEENTH AFFIRMATIVE DEFENSE

If the plaintiff suffered as alleged, which defendant denies, their claims against the defendant fail to the extent that a person or persons for whose conduct defendants were not and are not legally responsible, caused such damages.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief to the extent that they caused or contributed to the damages identified in the Complaint.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the statute of frauds.

## **JURY DEMAND**

Defendant demands trial by jury, as to each count so triable.

By its attorneys,

/s/ Robert L. Ciociola
Robert L. Ciociola, Maine Bar # 009010
Litchfield Cavo, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500 Tel
(781) 246-0167 Fax

Dated: February 8, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018 I electronically filed this document with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to counsel of record for plaintiff.

/s/  Robert L. Ciociola
Robert L. Ciociola