UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| INFINITY REAL ESTATE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:18-cv-00038-JAW |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR RBSGC 2007-B, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO REMAND**

A Maine limited liability company moves to remand its state law claims against a national banking association. The Court denies the Maine company's motion, finding that the value of the matter in controversy exceeds $75,000, making diversity jurisdiction proper pursuant to 28 U.S.C. § 1332(a)(1), and that the national banking association timely removed the case under 28 U.S.C. § 1446(b).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

A. **Procedural History**

On November 7, 2017, Infinity Real Estate, LLC (Infinity) filed a lawsuit in state of Maine Superior Court against Deutsche Bank National Trust Company, as Trustee for RBSGC 2007-B (Deutsche Bank), alleging that Deutsche Bank breached a contract when it failed to comply with the Purchase and Sale Agreement for a property located at 1 Tudor Drive, Kittery, Maine (the Property). *State Court Record* Attach. 1, *Docket Record,* 1 (ECF No. 8-1); *id.* Attach. 2, *Compl.* (ECF No. 8-2).

On January 29, 2018, Deutsche Bank filed a notice of removal to this Court, claiming diversity jurisdiction. *Notice of Removal* (ECF No. 1) (*Notice of Removal*). On February 2, 2018, Infinity filed a motion for remand to state court. *Mot. for Remand* (ECF No. 5) (*Pl.'s Mot.*). On February 6, 2018, Deutsche Bank filed the State Court Record and on February 8, 2018, Deutsche Bank filed an answer to the Complaint in this Court. *State Court Record* (ECF No. 8); *Answer to Compl.* (ECF No. 9). On February 23, 2018, Deutsche Bank filed a response to Infinity's motion to remand together with an affidavit from Attorney Santo Longo. *Def.'s Opp'n to Pl.'s Mot. for Remand* (ECF No. 10) (*Def.'s Opp'n*); *Aff. of Santo Longo in Connection with Def.'s Opp'n to Pl.'s Mot. for Remand* (*Longo Aff.*). On March 6, 2018, Infinity filed a reply. *Reply on Mot. for Remand* (ECF No. 12) (*Pl.'s Reply*).

**B.     The Complaint**

In its February 6, 2018 Complaint, Infinity alleged that Deutsche Bank became the mortgagee for the Property on August 10, 2010, pursuant to a recorded assignment pursuant to which the mortgage for the Property was assigned to Deutsche Bank. *Compl.* ¶ 4. Infinity further alleged that on April 19, 2012, Deutsche Bank obtained a judgment of foreclosure, and on July 24, 2017, Deutsche Bank and Infinity entered into a Purchase and Sale Agreement with respect to the Property in which Deutsche Bank agreed to sell and Infinity agreed to buy the Property. *Compl.* ¶¶ 3-6. According to Infinity, the Agreement provides that the Seller transfer the Property to the Buyer within sixty days, but Deutsche Bank refuses to perform. *Id.* ¶¶ 8, 12. In its Complaint, Infinity asks for a judgment requiring Deutsche Bank to

2

specifically perform the Agreement by conveying the Property to Infinity in exchange for payment of the purchase price in the Agreement. *Id.* ¶ 15.

### C. Notice of Removal

On January 29, 2018, Deutsche Bank filed a notice of removal of civil action with this Court. *Notice of Removal*. In its Notice of Removal, Deutsche Bank asserted that the action is properly removable pursuant to 28 U.S.C. § 1332(a)(1), because the plaintiff is a state of Maine limited liability company and it is "a citizen and resident of California." *Id.* at 2. Deutsche Bank asserted that the amount in controversy was met because the "State Court Action demands specific performance and/or damages in connection with sale of real estate valued well in excess of 500,000." *Id.* Finally, Deutsche Bank claimed that its removal was timely because it had "not yet been served with a copy of the summons and complaint in this matter." *Id.*

## II. THE POSITIONS OF THE PARTIES

### A. Infinity's Motion to Remand

#### 1. Further Factual Allegations

Infinity first says that "[i]t appears that Deutsche Bank may arguably be [in] violation having brought the Foreclosure Lawsuit, and joined parties outside of the foreclosure, without being authorized to do business in Maine and without having an agent for service of process in Maine."[1] *Id.* at 2-3 (citing 13-C M.R.S. § 1502).

Second, Infinity says that "[o]n December 22, 2017, counsel for [Infinity] sent correspondence and the complaint to "Deutsche Bank Nat'l Trust Co. as Trustee for

---

[1] Infinity did not pursue this issue as a basis for remanding the case to state court and the Court has not addressed it.

3

RDSGC 2007-B", certified mail, return receipt requested in compliance with 5 M.R.S.[] § 113(2)." *Id*. at 3. Infinity says it used as the mailing address, the "same address that Deutsche Bank stated in the Foreclosure Lawsuit and the Purchase and Sale Agreement." *Id*. Infinity alleges that "[t]he Complaint was signed for on December 27, 2017 and service was effective as of that date." *Id*. (citing 5 M.R.S.[] § 113(2)(A) & (C)). Infinity alleges that "[a]n answer to the complaint was due by January 16, 2018, but no answer was filed and so [Infinity] filed a Motion for Entry of a Default Judgment in York County Superior Court on January 22, 2018." *Id*. Infinity say that the motion "is still pending" as of February 2, 2018. *Id*.

### 2. Legal Arguments for Remand

Infinity moves to remand on two grounds. First, Infinity argues that Deutsche Bank's removal was untimely, as its Notice of Removal was filed on January 29, 2018, more than thirty days after Infinity claims service was properly made. *Pl. Mot*. at 3. Infinity says that service was properly made on Deutsche Bank on December 27, 2017, when an unknown party signed for the summons and complaint sent by certified mail to the same address Deutsche Bank listed as its principal place of business in both the foreclosure action as well as in the Agreement. *Id*. at 2-3. Infinity contends that this allegation in a prior pleading constitutes a judicial admission. *Id*. at 3-4 (citing *Bahre v. Liberty Group Inc.,* 2000 ME 75, ¶ 15, 750 A.2d 558, 562, *Missouri Housing Development Commission v. Brice,* 919 F.2d 1306, 1315 (8th Cir. 1990)).

4

Second, Infinity argues that the Court lacks diversity jurisdiction because Deutsche Bank fails to show that the amount in controversy exceeds $75,000. *Id.* at 4. It claims that because the Complaint seeks a judgment of specific performance, the amount of controversy requirement has not been met. *Id.*

B. **Deutsche Bank's Response**

In its February 23, 2018 response, Deutsche Bank states that under 28 U.S.C. § 1446(b), the thirty-day period for removal commences only upon service of process in accordance with state law, and it avers that its removal is timely because it had not yet been properly served with a copy of the summons and complaint, though Infinity twice attempted service. *Notice of Removal* ¶ 2. In support of its contention, Deutsche Bank cites *Quality Loan Service Corporation v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132–33 (9th Cir. 2011), *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999), and *City of Clarksdale v. BellSouth Telecommunications, Inc.,* 428 F.3d 206, 210 (5th Cir. 2005). *Id*. at 3.

Deutsche Bank explains that on November 29, 2017, Infinity caused a deputy sheriff to deliver a copy of the summons and complaint to CT Corporation Systems. *Notice of Removal* ¶ 2. Though Infinity believed CT Corporation Systems was an agent of process for Deutsche Bank, Deutsche Bank had not designated CT Corporation Systems as its agent of process. *State Court Record* Attach. 1, *Affidavit of Bruce W. Hepler,* 2 (ECF No. 8-7) (*Hepler Aff.*); *Notice of Removal* ¶ 2. Infinity later received a letter from CT Corporation Systems stating that service was ineffectual.

*Hepler Aff.* at 2. Deutsche Bank says that it never received the summons and complaint as a result of this attempted service. *Notice of Removal* ¶ 2.

On December 22, 2017, Infinity sent a copy of the summons and complaint by certified mail, return receipt requested, to "Deutsche Bank Nat'l Trust Co as Trustee for RBSGC 2007-B", an address belonging to Wells Fargo Bank, in Fort Mills, South Carolina. *Id.; Hepler Aff.* at 4. However, Deutsche Bank has not designated Wells Fargo as its registered agent for service of process. *Notice of Removal* ¶ 2. The mailing was accepted by an unknown person at the address, but Deutsche Bank claims it did not receive it. *Id.*

Deutsche Bank asserts that Infinity's attempt at service by mail was imperfect under both Maine Rule of Civil Procedure 4 and the Maine Model Registered Agents Act, 5 M.R.S. § 113. *Id.* at 3-6. Deutsche Bank takes the position that Maine Rule of Civil Procedure 4(d)(9) does not permit service on out-of-state corporations exclusively by mail. *Id.* at 4. Deutsche Bank further alleges that the mailing itself was insufficient because Infinity mailed the "correspondence and complaint" without restricted delivery as required by section 4(f)(1), and because there is no proof that Infinity included a summons along with the complaint in its mailing as required under section 4. *Id.* at 4-5.

Deutsche Bank also disputes that Infinity made proper service under the Maine Model Registered Agents Act, 5 M.R.S. § 113, for three reasons. *Id.* at 5-6. First, Deutsche Bank contends that the Act does not apply because it only allows service to be made on entities that previously made a clerk or registered agent filing

6

with the state, which it has not done. *Id.* at 6. Second, Deutsche Bank argues that the mailing was not addressed in accordance with the Act, because the mailing was not addressed by name to the governors of the entity, and was not sent to the principal office, as identified in the most recent annual report filed with the Secretary of State. *Id.* Third, Deutsche Bank argues that service was not proper because service was not actually perfected in accordance with section 113(2). *Id.*

Turning to the amount in controversy, Deutsche Bank asserts that the amount in controversy requirement is met because the value of the controversy is $164,975.81, the difference between $590,024.19, Infinity's lowest bid and the price at which Infinity seeks performance of the Agreement, and $755,000, the highest bid by another bidder at auction. *Resp. in Opp'n to Mot. to Remand (Resp.)* (ECF No. 10) at 2; *Aff. of Santo Longo re Resp. in Opp'n to Mot. to Remand* (ECF No. 11) Attach. 2 (ECF No. 11-1).

C.  **Infinity's Reply**

In reply, Infinity claims that its mailing effected proper service on Deutsche Bank, as evidenced by the fact that a default was subsequently entered by the Superior Court. *Reply* at 2. Infinity also reiterates its claim that Deutsche Bank has made continual attempts to evade service of process.[2] *Id.* at 1-2.

---

[2]    One of Infinity's primary arguments is that Deutsche Bank evaded Infinity's attempts at service and refused to cooperate in communications regarding service. Infinity's irritation with Deutsche Bank is apparent, but the issue is whether service has been effected, not whether Infinity has been diligent or Deutsche Bank evasive.

7

## III. DISCUSSION

### A. Diversity Jurisdiction

As neither party disputes diversity of citizenship, the Court's diversity jurisdiction turns on whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In actions seeking either declaratory or injunctive relief, it is well-settled that "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (superseded by statute on other grounds); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181 (1936); *Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co.*, 239 U.S. 121, 126 (1915); *Hunt v. New York Cotton Exchange*, 205 U.S. 322, 336 (1907). Here, the record demonstrates that if specific performance is ordered, Deutsche Bank will suffer a pecuniary loss of $164,975.81. Therefore, the amount in controversy requirement is met and the Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332.

### B. Timeliness of Removal

#### 1. Infinity's Attempts at Service

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446. Subsection (b)(1) states, in relevant part, that notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *Id.* The United States Supreme Court clarified that the phrase "service or otherwise" means "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint,

8

'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999). The *Murphy Brothers* Court deemed service of process a "longstanding tradition in our system of justice . . . fundamental to any procedural imposition on a named defendant." *Id.*

In addition to signifying notice of a suit to the defendant, "in the ordinary course, the district court acquires jurisdiction over a defendant only by service of process or by the defendant's waiver of any defect in the service of process."[3] *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.,* 953 F.2d 21, 23 (1st Cir. 1992). "A defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends." *Novak v. Bank of New York Mellon Tr. Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) (citing *Murphy Bros.*, 526 U.S. at 347–48).

Proper service of process is governed by Federal Rule of Civil Procedure 4. Under Rule 4(h)(1), a domestic corporation must be served either:

> [B]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by the law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

---

[3] Deutsche Bank filed an answer to the Complaint with this Court on February 9, 2018. *Answer*. Although Deutsche Bank asserted twenty-two affirmative defenses, it has not asserted that it was not properly served. *Id.* at 3-6. It is likely that Deutsche Bank has now waived any defect in the service of process.

9

or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED R. CIV. P. 4(e)(1).

Under Maine Rule of Civil Procedure 4(d)(9), to serve a corporation established under the laws of another state, a party must effect service by:

(1) delivery of "a copy of the summons and of the complaint to any officer, director or agent", or
(2) Leaving such copies "at an office or place of business of the corporation within the state"; or
(3) Delivery of a copy of the summons and of the complaint "to any agent or attorney in fact authorized by appointment or by statute to receive or accept service on behalf of the corporation" (plus any statutory notice).

ME. R. CIV. P. 4(d)(9); 3 CHARLES HARVEY & THOMAS B. MERRITT, MAINE CIVIL PRACTICE § 4.4 (3rd ed. 2017) (MAINE CIVIL PRACTICE). Service by mail to an out-of-state corporation is not proper under the Maine Rules of Civil Procedure. *See* ME. R. CIV. P. 4(f).

Infinity has not claimed that it complied with any of these requirements. It has not delivered a copy of the summons and complaint to an officer, director or agent. It did not leave a copy of the summons and complaint at Deutsche Bank's officer or place of business within the state of Maine because there is no evidence that Deutsche had an office or place of business within the state of Maine. It has not delivered a copy of the summons and complaint to an agent or attorney in fact authorized by appointment or statute to accept service on behalf of Deutsche Bank.[4]

---

[4] Infinity claims that Deutsche Bank must be held to prior admissions as to its address in the foreclosure case and in its purchase and sale agreement. *Pl.'s Mot.* at 3-4. The Maine Supreme Judicial Court has held parties to admissions made in pleadings. *Bahre*, 2000 ME 75, ¶ 15. In *Bahre*, the

10

The Maine Model Registered Agents Act creates a procedure for service of process on domestic entities. First, a "clerk or registered agent is an agent of the represented entity authorized to receive service of any process, notice or demand required or permitted by law to be served on the entity." 5 M.R.S. § 113(1). But there is no indication in this record that Infinity ever served process on Deutsche Bank's clerk or registered agent.

Next, if an entity "previously filed a clerk or registered agent filing with the Secretary of State, no longer has a clerk or registered agent, or if its clerk or registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail." 5 M.R.S. § 113(2). The mailing must be "addressed to the governors of the entity by name at its principal office in accordance with any applicable judicial rules and procedures." *Id.* "The names of the governors and the address of the principal office may be as shown in the most recent annual report filed with the Secretary of State." *Id.* Service is considered perfected at the earliest of (1) "the date the entity receives the mail; (2), "the date shown on the return receipt, if signed on behalf of the entity; or (3), five days after mailing, if correctly addressed. . . ." *Id.* Infinity has not shown that it complied with the provisions of the Maine Model Registered Agents Act in effecting service on Deutsche Bank.

---

Maine Supreme Judicial Court was discussing an admission as to liability that defendants made when they filed their answer to the complaint. *Id.*

Infinity points to allegations about its address that it claims Deutsche Bank made in a prior foreclosure proceeding in state court and to the address on its purchase and sale agreement with Deutsche Bank. *Pl.'s Mot.* at 3-4. But Infinity failed to file either document with the Court. Even assuming that the Court could hold Deutsche Bank to affirmations it made at some earlier time in another lawsuit or legal agreement about a matter as potentially changeable as an address, the Court does not accept argument of counsel in place of documentation.

For Deutsche Bank's removal to be time-barred, Infinity must demonstrate that it properly served Deutsche Bank before December 30, 2017, thirty days before January 29, 2018, the date Deutsche Bank filed its notice of removal. The record does not, however, support this finding. Infinity's November 29, 2017 service of process on CT Corporation does not constitute service of process on Deutsche Bank because there is no evidence that CT Corporation was an agent of Deutsche Bank as required by Maine Rule of Civil Procedure 4(d)(9)(a). Nor did Infinity's December 22, 2017 mailing to Deutsche Bank at an address for Wells Fargo Bank in Fort Mills, South Carolina meet the procedural requirements under Federal Rule of Civil Procedure 4(h)(1) or Maine Rule of Civil Procedure 4(d)(9). Neither rule authorizes service on an out-of-state corporation by mail.

### 2. Whether the Superior Court's Entry of Default Proves Proper Service

Infinity contends that the Superior Court found that service was properly made when it entered default on March 1, 2018. *Reply* at 2. The Court disagrees. Entry of default is governed by Rule 55(a) of the Maine Rules of Civil Procedure: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

> An entry of default under Rule 55(a) is distinct from a judgment by default under Rule 55(b). Entering the fact of default upon the docket under Rule 55(a) is a mere ministerial act and is done by the clerk when the fact comes to his attention through an affidavit of a party or otherwise. By contrast, judgment by default is a conclusive adjudication on the merits. . . . Consequently, if the requirements of the Rule are met, the clerk must enter a default under Rule 55(a) . . . as appropriate.

3 CHARLES HARVEY & THOMAS B. MERRITT, MAINE CIVIL PRACTICE § 55:1 (3rd ed. 2017) (MAINE CIVIL PRACTICE) (internal quotations omitted). The First Circuit similarly held that an "entry of default [is] a clerical act and not a final judgment." *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir. 1989). In contrast, when a default judgment is entered, "the facts necessary to sustain the plaintiff's action are established because the allegations of the plaintiff's complaint are taken as true, becoming, in effect, findings of fact." 3 MAINE CIVIL PRACTICE § 55:6.

The Superior Court, in entering default, did not examine the issue and conclude that service was properly made, as Infinity contends. *Reply* at 1. Because the entry of default constitutes a ministerial act of the clerk, not a conclusive adjudication on the merits, no finding of proper service was made as part of the clerk's entry of default. The Court is unconvinced by Infinity's contention that service was proven by the Superior Court Clerk's entry of default.

To the contrary, the state of Maine Superior Court docket entry reveals among other things:

(1) 11/07/2017 FILING DOCUMENT – COMPLAINT FILED ON 11/06/2017

(2) 12/06/2017    Party(s):    DEUTSCHE BANK NATIONAL TRUST COMPANY TRUSTEE
SUMMONS/SERVICE – CIVIL SUMMONS SERVED ON 11/29/2017
KCSO SERVED DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH C.T. CORPORATION SYSTEM, AGENT.

(3) 12/06/17    Party(s):    DEUTSCHE BANK NATIONAL TRUST COMPANY TRUSTEE

13

|  |  |  | SUMMONS/SERVICE – CIVIL SUMMONS FILED ON 12/06/2017 |
|---|---|---|---|
| (4) | 12/28/2017 | Party(s): | DEUTSCHE BANK NATIONAL TRUST COMPANY TRUSTEE |
|  |  |  | ATTORNEY – RETAINED ENTERED ON 12/28/2017 |
|  |  |  | Defendant's Attorney: DANIELLA MASSIMILLA |
| (5) | 01/26/2018 | Party(s): | INFINITY REAL ESTATE LLC |
|  |  |  | MOTION – AFFID & REQUEST DEFAULT/JUDG FILED on 01/25/2018 |
|  |  |  | Plaintiff's Attorney: BRUCE HEPLER |
|  |  |  | MOTION FOR ENTRY OF DEFAULT JUDGMENT WITH AFFIDAVIT OF BRUCE W. HEPLER IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| (6) | 01/30/2018 |  | NOTE – OTHER CASE NOTE ENTERED ON 01/30/2018 |
|  |  |  | Plaintiff's Attorney: BRUCE HEPLER |
|  |  |  | RECEIVED $60 FEE FOR MOTION FOR ENTRY OF DEFAULT JUDGMENT |

*State Docket Record* at 1-2. The Clerk of Court for the state of Maine did not enter default until March 1, 2018, well after Deutsche Bank filed its notice of removal in federal court. *See Pl.'s Reply* Attach. 1 *Entry of Default.*

This sequence reveals the following: First, that when the Clerk of Court for the state of Maine Superior Court entered default, the case had been removed from the state Superior Court to this Court. Therefore, it is questionable whether the state Superior Court retained jurisdiction over a removed case to allow it to enter default. FED. R. CIV. P. 11(d) (Once a notice of removal has been filed with notice to the state court, "the State court shall proceed no further unless and until the case is remanded"). But this Court surmises that the state Superior Court Clerk was

14

unaware that the case had been removed. There is no evidence that Deutsche Bank complied with the provision of Federal Rule of Civil Procedure 11(d), which requires a removing party to file the notice of removal not only in federal court, but also "with the clerk of such State court." *Id.* If Deutsche Bank complied with Rule 11(d), it is doubtful the state court clerk would have entered default and it is also doubtful that the Court would have had to puzzle over the impact of an entry of default in state court in a case already removed to federal court.

Second, on December 28, 2017, Attorney Massimilla entered her appearance on behalf of Deutsche Bank in the state case. Under *Key Bank v. Tablecloth Textile Company Corporation*, 74 F.3d 349 (1st Cir. 1996), it is doubtful whether without an explanation, a default should have entered against Deutsche Bank. Under *Key Bank*, once a party "appears" in an action, the party is entitled to written notice prior to the entry of default and there is no indication in this record that Deutsche Bank was given such notice.

Third, Attorney Hepler's affidavit in support of the entry of default represents to the state Superior Court Clerk of Court that service was completed on December 27, 2017 and that Deutsche Bank's answer was due by January 16, 2018. *State Court Record* Attach 7, *Aff. of Bruce W. Hepler in Support of Entry of Default J.* ¶¶ 16-17 (*Hepler Aff.*). But as the Court has discussed, this is inaccurate.[5] The state Clerk of

---

[5] Attorney Hepler states in his affidavit in support of entry of default: "It appears that the correspondence was received by the Defendant on December 27, 2017, but in any event, the statute provides that service is deemed completed five days after mailing. 5 M.R.S.[] § 113(2)(C)." It is true that section 113 provides that "[s]ervice is perfected under this subsection at the earliest of: A. The date the entity receives the mail; B. The date shown on the return receipt, if signed on behalf of the entity; or C. Five days after its deposit with the United States Postal Service, if correctly addressed and with sufficient postage."

15

Court can be forgiven for relying on the sworn representations of counsel in entering default, even if the representations later turn out to be inaccurate.

As Infinity had not properly effected service under the Federal Rules of Civil Procedure, the Maine Rules of Civil Procedure, or 5 M.R.S. § 113 by January 29, 2018, the date of removal, the thirty-day deadline for removal had not commenced, and the Court concludes that Deutsche Bank's removal of this action is timely.

## IV. CONCLUSION

The Court DENIES Infinity Real Estate LLC's Motion to Remand to State Court (ECF No. 5).

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 4th day of September, 2018

---

But as the Court discussed, to fit within subsection 113(2), the notice has to be sent to the governors and principal office as shown in the corporation's most recent annual report. There is no evidence that letter sending the summons and complaint was "correctly addressed" under section 113(2)(C). Under the statute, Infinity was required to send the summons and complaint to the governors of Deutsche Bank and to Deutsche Bank's principal office. There is no indication that Infinity sent the summons and complaint to the governors of Deutsche Bank, that the illegible signature on the return receipt was affiliated with Deutsche Bank, or that Deutsche Bank's principle office was in fact a Wells Fargo Bank office in Fort Mills, South Carolina. Subsection 113(2)(C) did not apply to this matter.